**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-17-0000902**
**28-MAR-2019**
**08:31 AM**

NO. CAAP-17-0000902

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


HAWAII CENTRAL FEDERAL CREDIT UNION,
Plaintiff-Appellee,
v.
SCOTT MICHAEL LARSON; ASSOCIATION OF APARTMENT OWNERS OF
THE VILLA ON EATON SQUARE, by its Board of Directors,
Defendants-Appellees,
and
THE SHOPPING CENTER SUB-ASSOCIATION OF THE MERCHANT'S ASSOCIATION
OF THE VILLA ON EATON SQUARE, by its Board of Directors,
Defendant-Appellant,
and
JOHN DOES 1-10; JANE DOES 1-10;
DOE PARTNERSHIPS 1-10; DOE CORPORATIONS 1-10;
DOE ENTITIES 1-10; DOE GOVERNMENTAL UNITS 1-10,
Defendants


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 15-1-1968)


SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, Reifurth and Chan, JJ.)

In this appeal arising out of a foreclosure action,
Defendant-Appellant The Shopping Center Sub-Association of the
Merchant's Association of the Villa on Eaton Square (the
Association) appeals from the "Judgment Re: Order Granting
Plaintiff's Motion for Confirmation of Sale, Directing
Distribution of Proceeds, for Deficiency Judgment, Writ of
Possession and Disposal of Personal Property Filed June 22, 2017"

(Judgment) entered on November 20, 2017, by the Circuit Court of the First Circuit (circuit court).[1]

The Judgment was entered on an order (Order) confirming the sale of foreclosed property on which Plaintiff-Appellee Hawaii Central Federal Credit Union (HCFCU) had already obtained a prior judgment on a decree of foreclosure against the Association and Defendants-Appellees Scott Michael Larson and Association of Apartment Owners of the Villa on Eaton Square. In the Order, the circuit court denied the Association's request for a six month special assessment pursuant to Hawaii Revised Statutes (HRS) § 514B-146 (2006 & Supp. 2017), ruling that the Association was not entitled to collect special assessments.

I.

On October 12, 2015, HCFCU initiated judicial foreclosure proceedings on two condominium units located in Honolulu, Hawai'i (collectively, the Property) pursuant to a mortgage executed by the former unit owner, Scott Michael Larson. The Association had previously filed liens (on June 26, 2014, and October 8, 2015) on the Property in the Office of the Assistant Registrar of the Land Court of the State of Hawai'i (Land Court) pursuant to HRS § 514B-146 for unpaid assessments.

After HCFCU's initiation of judicial foreclosure proceedings, the Association initiated and conducted nonjudicial foreclosure proceedings. On October 19, 2015, and October 20, 2015, the Association recorded in the Land Court notices of default and intention to foreclose (Doc. Nos. T-9422288 and T-9423311).

On July 7, 2016, the Association conducted nonjudicial foreclosure auctions under power of sale. As the highest bidder, the Association purchased the Property for an amount less than the delinquency. On July 22, 2016, the Association filed affidavits of nonjudicial foreclosure under power of sale (Doc. Nos. T-9699388 and T-9699390). On the same day, the Association

---

[1]     The Honorable Jeannette H. Castagnetti presided.

also recorded quitclaim deeds (Doc. Nos. T-9699389, T-9699391), conveying title to the Property to itself. The Association did not rent out the Property.

On September 12, 2016, in the judicial foreclosure proceedings, HCFCU filed Plaintiff's Motion for Summary Judgment as to All Claims and All Parties, Interlocutory Decree of Foreclosure and Order of Sale (MSJ). In its opposition to the MSJ, the Association argued that it had a right to a statutory lien and priority with respect to a six-month special assessment pursuant to HRS § 514B-146(g) and (h) (Supp. 2017). At the hearing on the MSJ on February 15, 2017, the circuit court granted HCFCU's MSJ and also granted the Association's request to reserve a right to seek special assessment at the time of the confirmation hearing.

On May 25, 2017, HCFCU conducted a public auction in its judicial foreclosure at which it was the highest bidder. In a limited memorandum in opposition to HCFCU's motion to confirm the sale, the Association sought to collect six months of special assessments pursuant to HRS § 514B-146(g) and (h). The circuit court ruled that the Association was not entitled to collect a special assessment.

II.

On appeal, the Association contends that the circuit court erred in its interpretation of HRS § 514B-146 in reaching its conclusion that the Association was not entitled to collect a special assessment. The Association asserts that, following completion of its nonjudicial foreclosure,[2] the Property was still delinquent and the Association's lien on the Property remained, and thus, the Association was entitled to recover special assessments from HCFCU, the purchaser of the delinquent unit at the judicial foreclosure auction, pursuant to HRS § 514B-

---

[2]    No party challenges the validity of the nonjudicial foreclosure proceedings. See Sakal v. Ass'n of Apartment Owners of Hawaiian Monarch, 143 Hawai'i 219, 426 P.3d 443 (App. 2018). Accordingly, we do not address the issue herein.

146(g).[3] In support of its arguments, the Association interprets HRS § 514B-146(k) (Supp. 2017)[4] as providing that an association's statutory lien for unpaid assessments survives the association's foreclosure on the lien, and HRS § 667-103 (2016)[5] as providing that a property is still delinquent if the full amount of the delinquency is not recovered by the association upon its foreclosure.

In Am. Sav. Bank, F.S.B. v. Ass'n of Apartment Owners of the Hanohano Hale, No. CAAP-15-0000689, 2019 WL 968641 (Haw. App. Feb. 28, 2019) (Mem. Op.), we recently considered the same issues and rejected the same arguments. Consistent with our

---

[3]     HRS § 514B-146(g) (Supp. 2017) provides, in relevant part:

(g) Subject to this subsection, and subsections (h) and (i), the board may specially assess the amount of the unpaid regular monthly common assessments for common expenses against a mortgagee or other purchaser who, in a judicial or nonjudicial power of sale foreclosure, purchases a delinquent unit[.]

(Emphasis added).

[4]     HRS § 514B-146(k) (Supp. 2017) provides, in relevant part:

(k)  After any judicial or nonjudicial foreclosure proceeding in which the association acquires title to the unit, any excess rental income received by the association from the unit shall be paid to existing lien holders based on the priority of lien, and not on a pro rata basis, and shall be applied to the benefit of the unit owner.  For purposes of this subsection, excess rental income shall be any net income received by the association after a court has issued a final judgment determining the priority of a senior mortgagee and after paying, crediting, or reimbursing the association or a third party for:

(1)  The lien for delinquent assessments pursuant to subsections (a) and (b);

.  .  .

provided that the lien for delinquent assessments under paragraph (1) shall be paid, credited, or reimbursed first.

[5]     HRS § 667-103 (2016) provides:

Except as provided in section 667-92(f)(2), the recordation of both the conveyance document and the affidavit shall not operate as full satisfaction of the debt owed by the unit owner to the association unless the sale proceeds from the unit or the amounts paid by a purchaser under the special assessment permitted by section 421J-10.5 or 514B-146 are sufficient to satisfy the unit owner's debt to the association[.]

4

decision in <u>Hanohano</u>, we conclude that the Association's nonjudicial foreclosure extinguished its lien for delinquent assessments and thus the Property was not delinquent for purposes of HRS § 514B-146(g) when HCFCU purchased it via the judicial foreclosure. The Association therefore was not entitled to collect a special assessment from HCFCU.

III.

Accordingly, we affirm the "Judgment Re: Order Granting Plaintiff's Motion for Confirmation of Sale, Directing Distribution of Proceeds, for Deficiency Judgment, Writ of Possession and Disposal of Personal Property Filed June 22, 2017" entered on November 20, 2017, by the Circuit Court of the First Circuit.

DATED: Honolulu, Hawai'i, March 28, 2019.

On the briefs:

R. Laree McGuire
and Taylor W. Gray
(Porter McGuire Kiakona &
Chow, LLP)
for Defendant-Appellant.

Jonathan W.Y. Lai
and David Y. Nakashima
(Watanabe Ing LLP)
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge

5